**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annamarie D. Reithmiller, ) | No. CV 12-2034-PHX-JAT |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Electors for the State, ) | |
| )  Defendant. ) | |
| ) | |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. Before the Court orders service of an in forma pauperis complaint, the Court may screen the complaint. Specifically:

**A.   28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual

> frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).
>
> **B.  Rule 8, Federal Rules of Civil Procedure**
>
> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).
> In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 9 (Complaint for Negligence):
> 1. Allegation of jurisdiction
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
> 4. Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.
> *Id.* "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id.* In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

In this case, Plaintiff's initial filing, which she calls "motion for declaratory orders and an interdict," fails to meet the requirements of Rule 8. It appears, although it is unclear, that Plaintiff is seeking to enjoin the electors for the state of Arizona from casting a vote for President Obama because he is not a natural born citizen. Plaintiff further appears to be bringing this action on behalf of herself and 649 other patients of a psychiatrist in Florida, whose licence Plaintiff claims was fraudulent. The Court cannot determine how this list of Plaintiffs is related to the claims against the electors of the state of Arizona.

When a complaint fails to meet the requirements of Rule 8, and other factors are

present, the Court should grant leave to amend. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). Although the Court is not convinced that Plaintiff can cure the deficiencies in her original complaint, the Court will nonetheless give Plaintiff ONE opportunity to amend the complaint. Plaintiff must:

> make clear [her] allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights [s]he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and [(d)(1)] of the Federal Rules of Civil Procedure.

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

Further, like the Plaintiff in *Kennedy*,

> **Plaintiff is warned that if [s]he elects to file an amended complaint and if [s]he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.** *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for declaratory orders and an interdict (Doc. 1) is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1 **IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within 30 days of the date of this Order. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of the Court shall enter judgment of dismissal, without prejudice, for failure to comply with a Court order.

DATED this 27th day of September, 2012.

_____
James A. Teilborg
United States District Judge