1  **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

9  Annamarie D. Reithmiller,              )    No. CV 12-2034-PHX-JAT
                                          )
10             Plaintiff,                 )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Electors for the State,               )
13                                        )
               Defendant.                 )
14                                        )
                                          )
15  _____     )

16      On September 28, 2012, the Court issued the following Order:

17          Pending before the Court is Plaintiff's motion to proceed in forma
    pauperis. Before the Court orders service of an in forma pauperis complaint,
18  the Court may screen the complaint. Specifically:

19          **A.     28 U.S.C. § 1915(e)(2)**

20          Congress provided with respect to in forma pauperis cases that
            a district court "shall dismiss the case at any time if the court
21          determines" that the "allegation of poverty is untrue" or that the
            "action or appeal" is "frivolous or malicious," "fails to state a
22          claim on which relief may be granted," or "seeks monetary relief
            against a defendant who is immune from such relief." 28 U.S.C.
23          § 1915(e)(2).   While much of section 1915 outlines how
            prisoners can file proceedings in forma pauperis, section 1915(e)
24          applies to all in forma pauperis proceedings, not just those filed
            by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.
25          2000)("section 1915(e) applies to all in forma pauperis
            complaints").   "It is also clear that section 1915(e) not only
26          permits but requires a district court to dismiss an in forma
            pauperis complaint that fails to state a claim." *Id.*  Therefore,
27          this court must dismiss an in forma pauperis complaint if it fails
            to state a claim or if it is frivolous or malicious.

28

1

2

3

4

5

6

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

7

## B. **Rule 8**, **Federal Rules of Civil Procedure**

8

9

10

11

12

13

14

15

16

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).
In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 9 (Complaint for Negligence):
1. Allegation of jurisdiction

17

18

19

20

2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

21

4. Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

22

23

24

*Id.* "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id.* In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

25

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

26

27

28

In this case, Plaintiff's initial filing, which she calls "motion for declaratory orders and an interdict," fails to meet the requirements of Rule 8. It appears, although it is unclear, that Plaintiff is seeking to enjoin the electors for the state of Arizona from casting a vote for President Obama because he is not a natural born citizen. Plaintiff further appears to be bringing this action

1    on behalf of herself and 649 other patients of a psychiatrist in Florida, whose
2    licence Plaintiff claims was fraudulent.  The Court cannot determine how this
     list of Plaintiffs is related to the claims against the electors of the state of
     Arizona.

3
         When a complaint fails to meet the requirements of Rule 8, and other
4    factors are present, the Court should grant leave to amend.  *Bonanno v.*
     *Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).  Although the Court is not
5    convinced that Plaintiff can cure the deficiencies in her original complaint, the
     Court will nonetheless give Plaintiff <u>ONE</u> opportunity to amend the complaint.
6    Plaintiff must:

7        make clear [her] allegations in short, plain statements with each
         claim for relief identified in separate sections.  In the amended
8        complaint, Plaintiff  must write out the rights [s]he believes
         were violated, the name of the person who violated the right,
9        exactly what that individual did or failed to do, how the action
         or inaction of that person is connected to the violation of
10       Plaintiff's rights, and what specific injury Plaintiff suffered
         because of the other person's conduct.  *See Rizzo v. Goode*, 423
11       U.S. 362, 371-72, 377 (1976).  Each claim of an alleged
         violation must be set forth in a separate count.  Any amended
12       complaint filed by Plaintiff must conform to the requirements of
         Rules 8(a) and [(d)(1)] of the Federal Rules of Civil Procedure.

13   *Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

14
         Further, like the Plaintiff in *Kennedy*,

15
             **Plaintiff is warned that if [s]he elects to file an**
16       **amended complaint and if [s]he fails to comply with the**
         **Court's instructions explained in this order, the action will**
17       **be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or**
         **Rule 41(b) of the Federal Rules of Civil Procedure.**  *See*
18       *McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice
         of prolix, argumentative, and redundant amended complaint that
19       did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins.*
         *Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal
20       of amended complaint that was "equally as verbose, confusing,
         and conclusory as the initial complaint"); *Corcoran v. Yorty*,
21       347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without
         leave to amend second complaint that was "so verbose, confused
22       and redundant that its true substance, if any, [was] well
         disguised").

23   *Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

24
         Based on the foregoing,

25
         **IT IS ORDERED** that Plaintiff's motion for declaratory orders and an
26   interdict (Doc. 1) is denied.

27       **IT IS FURTHER ORDERED** that Plaintiff shall file an amended
     complaint within 30 days of the date of this Order.  If Plaintiff fails to file an
28   amended complaint within 30 days, the Clerk of the Court shall enter judgment

- 3 -

1      of dismissal, without prejudice, for failure to comply with a Court order.

2   Doc. 6.

3      On October 15, 2012, Plaintiff filed an amended complaint. Doc. 7.  In this 18 page

4   amended complaint, Plaintiff still fails to meet Rule 8's pleading standard.  First, she has

5   failed to name any Defendants.  Instead she names "Electors of the State of Arizona."

6   However, those names are ascertainable, and generally, the Federal courts do not permit

7   generic naming of Defendants.[1]

8      Second, and more importantly, Plaintiff fails to explain in any terms how the "Electors

9   of the State of Arizona" have harmed her.  Though the Court is taking liberties with the

10  following summary, it appears Plaintiff is arguing and alleging that President Obama became

11  involved in her divorce proceeding in Florida (Doc. 7 at 3).  Plaintiff further alleges that

12  President Obama's involvement in her divorce proceeding violated his Oath of Office (Doc.

13  7 at 4).  Thus, Plaintiff is now suing the Electors of the State of Arizona to enjoin them from

14  casting their votes for President Obama because, Plaintiff claims, this alleged violation of his

15  Oath of Office makes him ineligible to hold the office of the President (Doc. 7 at 4-5).

16  Finally, Plaintiff claims she is suing on behalf of a class of 620 people who all suffered this

17  same violation of President Obama's Oath of Office.

18     The Court finds that Plaintiff has failed to meet Rule 8's pleading standard.  The Court

19  further finds that Plaintiff has failed to state a claim against the "Electors of the State of

20  Arizona" (which the Court has already found to be an improper Defendant).  For these

21  reasons, the Court will dismiss this case.  Finally, the Court also finds that Plaintiff's

22  complaint in this case falls into the category of "the irrational or wholly incredible." *See*

23  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal also appropriate when the facts

24  alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional.").  Thus, dismissal

25  is also justified on this basis.

26

27  [1] *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir.), *cert. denied*, 396 U.S. 987 (1969); *Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 686-87 (9th

28  Cir. 1956).

- 4 -

1    Because the Court has already given Plaintiff leave to amend, and Plaintiff was unable

2  to cure the deficiencies in her pleading, the Court finds any further amendments would be

3  futile.  Therefore,

4    **IT IS ORDERED** that this case is dismissed, with prejudice, for the reasons stated

5  above, and the Clerk of the Court shall enter judgment accordingly.

6    **IT IS FURTHER ORDERED** that Plaintiff's motion to proceed in forma pauperis

7  (Doc. 3) is denied.

8    DATED this 6th day of November, 2012.

9

10

11                                James A. Teilborg
                                 United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28